# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOSAM MAHER SMADI, #39482-177, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 18-cv-01547-SMY ) |
| WILLIAM TRUE, | ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Hosam Smadi, an inmate who is currently incarcerated at the United States Penitentiary located in Marion, Illinois ("USP-Marion"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Petitioner seeks expungement of a 2017 disciplinary ticket (Incident Report #3063116) and restoration of 15 days of good conduct credit. (Doc. 1, p. 1). This matter is now before the Court for preliminary review of the habeas petition.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases. The instant petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 and shall receive further review.

## Habeas Petition

Petitioner challenges a disciplinary ticket (Incident Report #3063116) that was issued on December 3, 2017. (Doc. 1, p. 9). Petitioner received the ticket after emailing his sister from

1

prison and asking her for the correct contact information for a Jehovah's Witness missionary who wanted to communicate with him. (Doc. 1, pp. 2-3). Petitioner insists that he was not trying to circumvent the Bureau of Prisons ("BOP")/Counter-Terrorism Unit's ("CTU") mail monitoring procedures when sending the email. (Doc. 1, p. 2). Rather, he was simply trying to obtain the correct contact information for the missionary, after the CTU rejected his formal communication request because of an error in the missionary's address. *Id*. He intended to resubmit the communication request after editing the contact information. *Id*. Petitioner was nevertheless cited for a violation 28 C.F.R. § 541.3, Code 299 (most like Code 296), for use of the TRULINCs email system for non-criminal activity that circumvents mail monitoring procedures. (Doc. 1, pp. 1, 3). He was found guilty of the violation and punished with 15 days of lost good conduct credit on February 8, 2018. *Id*.

Petitioner objects to the disciplinary action taken against him on two grounds. (Doc. 1, p. 3). First, he argues that no evidence supported the disciplinary decision. (Doc. 1, pp. 3-5). Second, he challenges the constitutionality of Code 296 on First Amendment grounds. (Doc. 1, p. 6). Petitioner affirmatively states that he exhausted all of his remedies before filing the instant petition. (Doc. 1, p. 3).

## **Discussion**

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when challenging the fact or duration of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). A claim for restoration of wrongfully revoked good conduct credit is properly pursued under § 2241. *Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011); *Waletzki v. Keohane*, 13 F.3d 1079 (7th Cir. 1994). Without commenting on the merits of Petitioner's claims, the

2

Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.

## Disposition

**IT IS HEREBY ORDERED** that Respondent True shall answer or otherwise plead within thirty days of the date this order is entered (on or before October 24, 2018).[1] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to United States Magistrate Judge Clifford J. Proud for disposition, as contemplated by Administrative Order No. 132, Local Rule 72.2(b)(3), and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Dated: September 24, 2018

                                                     **s/ STACI M. YANDLE**
                                                   **District Judge**
                                                   **United States District Judge**

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.