IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOSAM SMADI, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 18-CV-1547-SMY |
| | ) |
| WARDEN D. SPROUL, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Petitioner Hosam Smadi, currently incarcerated at Terre Haute Federal Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2241, challenging the loss of 15 days of good conduct time based on discipline he received at U.S. Penitentiary Marion on December 8, 2017 (Doc. 1). Respondent opposes the Petition and seeks dismissal with prejudice (Doc. 8). Petitioner replied (Doc. 11). For the following reasons, the Petition will be **DISMISSED.**

**Factual Background**

The following facts are undisputed unless noted otherwise: Because Smadi was convicted of a terrorism offense (attempted use of a weapon of mass destruction), his communications are strictly monitored by the Bureau of Prisons; he may only communicate with approved contacts. On December 3, 2017, Smadi e-mailed his sister and asked that she reach out to Scott Nicholas, a purported Jehovah's Witness who wished to contact Smadi (Doc. 1).

On December 4, 2017, Smadi received an initial charge which was later amended to a violation of Disciplinary Code 296, which provides:

> Use of the mail for abuses other than criminal activity which circumvent mail monitoring procedures (e.g., use of the mail to commit or further a High category prohibited act, special mail abuse; *writing letters in code; directing others to send, sending, or receiving a letter or mail through unauthorized means;* sending mail for other inmates without authorization; sending correspondence to a specific address with directions or intent to have the correspondence sent to an unauthorized person; and using a fictitious return address in an attempt to send or receive unauthorized correspondence). 28 C.F.R. § 541.3, Table 1 at 296 (emphasis added). (Doc. 8-3).

He received a Notice of Discipline Hearing on December 6, 2017. *Id.*

A hearing on the charge was conducted before a disciplinary officer ("DHO") on December 8, 2017 ("DHO"). Smadi did not dispute the factual basis for the charges but argued that he did not violate Disciplinary Code 296 because he had used email, not mail. The DHO found, "There is some evidence to support that you used the email for abuses other than illegal activity which circumvent email monitoring procedures, based upon the reporting officer's documented report, emails, and the greater weight of evidence: all shows you committed the prohibited act." *Id.* Consequently, Smadi was disciplined with 15 days loss of good time. *Id.*

## Discussion

Smadi raises the following grounds for relief in his Petition: the finding that he violated Disciplinary Code 296 was not supported by "some evidence"; and the discipline imposed under Disciplinary Code 296 violates his First Amendment rights.

A claim for restoration of wrongfully revoked good conduct credit is properly raised in a § 2241 action. *Jones v. Cross,* 637 F.3d 841 (7th Cir. 2011). To adhere to due process, a disciplinary decision that results in the loss of good conduct credit must provide the inmate with the following procedural safeguards: (1) advance written notice of the charges; (2) an opportunity, taking into account the institution's safety concerns to call witnesses and present evidence in this or her defense; (3) a written statement from the factfinder identifying the evidence on which they relied and the reason(s) for the decision; and (4) findings supported by "some evidence" in the record.

*Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 454 (1985). With respect to the "some evidence" requirement, the "relevant question is whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board." *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007) (quoting *Hill,* 472 U.S. at 455-56 (emphasis in original)). Smadi does not meet this low threshold.

Smadi admits to the factual basis for the discipline; he attempted to correspond with Nicholas by using his sister as an intermediary. While he asserts that he violated the letter, but not the spirit of Disciplinary Code 296, the Court also defers to the DHO's finding that mail includes email under Disciplinary Code 296.

Alternatively, Smadi challenges Disciplinary Code 296 as a violation of his First Amendment rights. Rights secured by the Constitution, including First Amendment rights, "must be exercised with due regard for the 'inordinately difficult undertaking' that is modern prison administration." *Thornburgh v. Abbot,* 490 U.S. 401, 407 (1989) (quoting *Turner,* 482 U.S. at 85). In that vein, the censorship of inmate correspondence is subject to a two-step analysis. "First, the regulation or practice in question must further an important or substantial governmental interest unrelated to the suppression of expression." *Procunier v. Martinez,* 416 U.S. 396, 413 (1974); *see also Gaines v. Lane,* 790 F.2d 1299, 1304 (7th Cir. 1986). Such interests include "security, order, and rehabilitation." *Procunier,* 416 U.S. at 413. Second, the challenged action "must be no greater than is necessary or essential to the protection" of that interest. *Id.*

Disciplinary Code 296 furthers the ability of prison staff to monitor whether inmates are engaging in activities that threaten the safety and security of the institution. And the imposition and enforcement of Disciplinary Code 296 is not greater than necessary for the protection of BOP's safety and security interests. Smadi may still correspond with individuals who have consented to

the BOP rules, including the monitoring of such correspondence. As such, Disciplinary Code 296 and its application to Smadi's unauthorized use did not violate the First Amendment.

## Disposition

The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** with prejudice. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days after the entry of the judgment. Fed. R. App. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

A motion for leave to appeal in forma pauperis ("IFP") must set forth the issues Petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. See Fed. R. App. P. 3(e); 28 U.S.C. §1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

IT IS SO ORDERED.

DATED: August 22, 2022

**STACI M. YANDLE**
**United States District Judge**